NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-373

COMMONWEALTH

vs.

SALVATORE DICOSTANZO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury trial, the defendant was convicted of

disorderly conduct, disturbing the peace, and assault.  On

appeal, he claims there was insufficient evidence to support his

convictions of disorderly conduct and disturbing the peace,[1] and

the judge erred in refusing to give a jury instructions on self-

---

[1] Sentences were not imposed on the disorderly conduct and disturbing the peace convictions.  Rather, the judge placed those convictions on file.  In the normal course, we do not consider appeals from convictions placed on file because there has been no final judgment.  See Commonwealth v. Delgado, 367 Mass. 432, 438 (1975).  We consider the appeal in this case, however, because the record does not reflect that the defendant consented to the filing of the convictions.  See Commonwealth v. Simmons, 448 Mass. 687, 699-700 (2007); Delgado, supra.  In the future, the judge should inquire into whether the defendant consents.

defense and on mental impairment. We affirm in part and reverse in part.

1. Sufficiency of the evidence. When analyzing whether the record evidence is sufficient to support a conviction, an appellate court is not required to "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt." Commonwealth v. Hartnett, 72 Mass. App. Ct. 467, 475 (2008), quoting Commonwealth v. Velasquez, 48 Mass. App. Ct. 147, 152 (1999). Nor are we obligated to "reread the record from a [defendant]'s perspective." Palmariello v. Superintendent of M.C.I. Norfolk, 873 F.2d 491, 493 (1st Cir.), cert. denied, 493 U.S. 865 (1989). See Commonwealth v. Duncan, 71 Mass. App. Ct. 150, 152 (2008). Rather, the relevant "question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979). When evaluating sufficiency, the evidence must be reviewed with specific reference to the substantive elements of the offense. See Jackson, supra at 324 n.16; Latimore, supra at 677-678.

a.  Disorderly conduct.  The defendant claims that there was insufficient evidence to establish that he engaged in disorderly conduct.  We agree.[2]

To sustain the defendant's conviction of disorderly conduct in violation of G. L. c. 272, § 53, the Commonwealth must prove three elements:  (1) that the defendant involved himself in at least one of the following actions:  (a) he engaged in fighting or threatening, (b) he engaged in violent or tumultuous behavior, or (c) he created a hazardous or physically offensive condition by an act that served no legitimate purpose; (2) that the defendant's actions were reasonably likely to affect the public; and (3) that the defendant either intended to cause public inconvenience, annoyance, or alarm, or recklessly created a risk of public inconvenience, annoyance, or alarm.  See Commonwealth v. Accime, 476 Mass. 469, 472-473 (2017); Commonwealth v. Cooper, 100 Mass. App. Ct. 345, 351 (2021).

In the light most favorable to the Commonwealth, the jury were entitled to find that the intoxicated defendant was "waving his arms and screaming at hospital staff" in a public place. That day, the hospital was experiencing a moderately busy day,

---

[2] Given the result we reach, we need not address the defendant's argument that the judge erred by refusing to instruct the jury that they may find the defendant not guilty of disorderly conduct if, by virtue of alcohol intoxication and hyperglycemia, he was unable to form the requisite intent.

3

and the defendant was being "combative," which ultimately required assistance from a nearby police officer, not already in the defendant's trauma room, and other hospital staff. While the defendant refused to don a hospital gown, a nurse attempted to put a heart monitor on his chest, and the defendant raised his arm to strike her. However, a hospital security staff member grabbed the defendant's arm to prevent the nurse from being struck. Then, as the police officer held the defendant's arm, the defendant "lashed out," attempted to bite the nurse, and tried to strike an emergency medical technician. Eventually, the defendant was placed in "soft restraints," but he continued to scream obscenities at hospital staff members.

From this evidence, the jury were entitled to conclude the defendant engaged in fighting or threatening conduct, or that he created a hazardous or physically offensive condition which served no legitimate purpose. However, even in the light most favorable to the Commonwealth, the evidence is not sufficient to allow the jury to conclude that his actions were reasonably likely to affect the public, or that the defendant either intended to cause public inconvenience, annoyance, or alarm, or recklessly created a risk of public inconvenience, annoyance, or alarm. See Accime, 476 Mass. at 477; Commonwealth v. Feigenbaum, 404 Mass. 471, 474-475 (1989); Commonwealth v. Mulvey, 57 Mass. App. Ct. 579, 582-583 (2003).

4

In Accime, 476 Mass. at 477, relied on by the defendant, the Supreme Judicial Court held that there was insufficient evidence of disorderly conduct. The court reached that conclusion in large part because "[n]o evidence was presented that the defendant ever went out of the room he was in; that he knew of the hospital pedestrian rerouting officers decided to institute; or that he saw any patients 'looking on' through the window into the room." Id. at 474. There, "the fact that the defendant's behavior caused officers to . . . inconvenience people does not mean that the defendant was aware that his behavior had this effect, and acted in conscious disregard of its occurrence." Id. Just as in Accime, here, there was no evidence presented that the defendant left his room, that the defendant was aware of any disruption his behavior was causing outside his room, or that he saw others "looking on" into his room. While an officer came into the defendant's trauma room to help quell the situation, the testimony at trial was that a hospital staff member asked the officer for help. The officer did not testify to noticing any disturbance before he was asked to assist, nor was there testimony regarding a crowd gathering due to the commotion. See id. at 476 (relevant factors include number of spectators gathered in response to commotion and number of persons who abandoned ordinary duties to respond to commotion). Furthermore, while the defendant's conduct was

5

combative, the assault charge he was convicted of did not include any actual striking of hospital staff.  Cf. Accime, 476 Mass. at 477 ("This would be a very different case if the defendant had actually struck a member of the hospital staff").  Concluding that there was insufficient evidence that the defendant's conduct was reasonably likely to affect the public, or that the defendant either intended to cause public inconvenience, annoyance, or alarm, or recklessly created a risk of public inconvenience, annoyance, or alarm, and finding Accime to be materially analogous, we conclude there was insufficient evidence to support the defendant's conviction for disorderly conduct.  See id. at 476 (defendant's "behavior in the emergency department did not attract the crowd of onlookers that typifies public disturbance under our law").[3]

_____

[3] The Commonwealth claims that Accime is materially distinguishable because there the defendant was held in a psychiatric area, which the court concluded was a location designed to absorb a disruption such as a patient's resistance to detention and medication, and because in Accime the defendant went to the hospital against his will.  Accime, 476 Mass. at 470, 474, 476-477.  Here, the defendant was not held in a psychiatric area, and the defendant went willingly to the hospital.  First, we are not persuaded that an ordinary emergency department could not also be an area of a hospital that is designed to absorb the kind of disruption of a patient resisting medication or treatment.  Second, we are not persuaded that the defendant's initial consent to transportation to the hospital suggests that at the time of his conduct in the trauma room, he intended his conduct to cause public inconvenience, annoyance, or alarm, or recklessly created a risk of such.

6

b. <u>Disturbing the peace</u>. The defendant also claims that there was insufficient evidence to establish that he engaged in disturbing the peace. We disagree.

To sustain a conviction for disturbing the peace, a two-part test is used to determine whether a defendant's conduct constitutes the common-law offense. See <u>Commonwealth</u> v. <u>Orlando</u>, 371 Mass. 732, 734-735 (1977). The Commonwealth must show that the defendant engaged in "activities which, first, most people would find to be unreasonably disruptive, and second, did in fact infringe someone's right to be undisturbed." <u>Id</u>. at 735. The Commonwealth was not required to demonstrate that a group, rather than only one or two individuals, had been disturbed. See <u>Commonwealth</u> v. <u>Hokanson</u>, 74 Mass. App. Ct. 403, 405 (2009). See also <u>Orlando</u>, <u>supra</u> at 734 (conduct disturbs peace where it "does in fact annoy anyone present not favoring it").

From the same aforementioned evidence, in the light most favorable to the Commonwealth, the jury were entitled to find from the defendant's actions, conduct, and utterances, in the busy hospital, i.e., waving and flailing his arms, screaming obscenities at the hospital staff and an officer, attempting to bite and strike those staff members,[4] that the defendant had

_____

[4] We reject the defendant's claim that the hospital staff and the police officer present do not qualify as victims because

7

disturbed the peace. See Hokanson, 74 Mass. App. Ct. at 405-406 (sufficient evidence of disturbing peace where average bystander would have found defendant's "flailing" and "shouting" in area with heavy foot traffic "unreasonably disruptive"). See also Commonwealth v. Federico, 70 Mass. App. Ct. 711, 714-715 (2007) ("Time and place are factors to be considered in determining whether activities are unreasonably disruptive" [quotation and citation omitted]).

2. Self-defense. The defendant also claims that the judge abused his discretion by not instructing the jury on self-defense on the charge of assault. Prior to trial, and at the close of the Commonwealth's case, the defendant requested that the judge instruct on self-defense.[5] However, when the judge refused to give the instruction,[6] and at the conclusion of jury

_____

the defendant's behavior is the type of disruption a hospital's emergency room is designed to absorb. To claim that hospital staff cannot not serve as victims in these circumstances does not view the evidence in the light most favorable to the Commonwealth, as a reasonable jury could have found the defendant infringed upon the staff's right to be undisturbed, therefore making them victims of this offense. In any event, the nurse in question was the victim in the defendant's separate assault conviction, which the defendant does not challenge on sufficiency.

[5] After the close of evidence, the defendant requested a self-defense instruction specific to the context of health care providers. See Instruction 6.217 of the Model Jury Instructions for Use in the District Court, supplemental instruction (2024).

[6] The docket indicates that the defendant filed requested jury instructions, but the docket entries do not reveal what was

8

instructions, when the instruction was not given, the defendant did not object. Under these circumstances, we review for error, and if any, whether it created a substantial risk of a miscarriage of justice. See Commonwealth v. King, 77 Mass. App. Ct. 194, 196-197 (2010), S.C., 460 Mass. 80, 85 (2011) (failure to object to omitted instruction leaves claim unpreserved). There was no error.

"Where nondeadly force is used, a defendant is entitled to a self-defense instruction if the evidence, viewed in the light most favorable to the defendant without regard to credibility, supports a reasonable doubt that (1) the defendant had reasonable concern for his personal safety; (2) he used all reasonable means to avoid physical combat; and (3) 'the degree of force used was reasonable in the circumstances, with proportionality being the touchstone for assessing reasonableness.'" King, 460 Mass. at 83, quoting Commonwealth v. Franchino, 61 Mass. App. Ct. 367, 368-369 (2004).

In evaluating whether there was a sufficient evidentiary basis for a self-defense instruction, "the evidence must be viewed in the light most favorable to the defendant."

---

requested, and the defendant did not include them in his appendix. It is the defendant's burden to provide us with a complete record on appeal. See Mass. R. A. P. 18 (a) (1) (D), as appearing in 491 Mass. 1603 (2023). See also Baker v. Gray, 57 Mass. App. Ct. 618, 626-627 & n.5 (2003).

Commonwealth v. Richards, 485 Mass. 896, 918 (2020).  We resolve "all reasonable inferences . . . in favor of the defendant" and treat the defendant's testimony, if any, as true.  Commonwealth v. Pike, 428 Mass. 393, 395 (1998).  "However, a judge is not required to charge on self-defense, either upon request or on his own motion, where a jury would be left to speculate on a hypothesis not supported by the evidence."  Commonwealth v. Paton, 31 Mass. App. Ct. 460, 464 (1991).

The premise of the defendant's claim that he was entitled to a self-defense instruction is that he "told hospital staff that he was not going to comply with hospital policy, he was not going to be treated, and he was going to sign himself out AMA (against medical advice)."  In addition, the defendant told the staff that they would "see him in court" if they tried to treat him.  However, even in the light most favorable to the defendant, this evidence fails to show that the defendant, who was threatening litigation, had a reasonable concern for his safety.  In fact, there was no evidence that if he left the hospital, he would have been at risk of harm from the hospital staff that would have generated a reasonable concern for safety.

Even if he did have a reasonable concern for his safety, there was no evidence that the defendant used all reasonable

10

means to avoid physical combat.[7]  See King, 460 Mass. at 83.  The defendant was voluntarily transported to the hospital and arrived without incident, but after he arrived, he immediately became physically and verbally combative.  There was no evidence that the defendant ever calmly communicated to emergency room staff his desire to leave.  In addition, an officer testified that the defendant was not "being held down at the time he said he was going to leave.  He never got up to try to leave."  As the judge aptly stated at trial, there is no case law that states a hospital patient's refusal of medical treatment provides the patient license to "take a swipe at somebody," and then claim self-defense.  In this light, the judge properly declined to instruct on self-defense where the jury would be left to speculate on a hypothesis not supported by the evidence.[8]  See Paton, 31 Mass. App. Ct. at 464.  See also Commonwealth v. Rodriquez, 461 Mass. 100, 110 (2011) (self-defense only available when defendant took "advantage of every opportunity to avoid combat").

_____

[7] The supplemental jury instruction on self-defense in a healthcare context has the same requirement that to prove self-defense, the evidence must demonstrate the defendant did everything reasonable under the circumstances to avoid physical combat before resorting to force.  See Instruction 6.217 of the Model Jury Instructions for Use in the District Court, supplemental instruction, third element.

[8] The defendant did not testify at trial.

11

3.  Conclusion.  The judgments of conviction of assault and disturbing the peace are affirmed.  The judgment of conviction of disorderly conduct is reversed, the verdict set aside, and judgment shall enter for the defendant.

So ordered.

By the Court (Meade, Sacks & Wood, JJ.[9]),

Clerk

Entered:  July 27, 2026.

---

[9] The panelists are listed in order of seniority.

12